IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 15-cr-40060-JPG |
| | ) |
| CAROLYN S. GLORE-MCGHEE, | ) |
| | ) |
|     Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Carolyn S. Glore-McGhee's April 25, 2016, letter, which the Court construes as a *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 33).

Glore-McGhee pled guilty to one count of possessing a listed chemical knowing it would be used to manufacture methamphetamine. At sentencing on February 3, 2016, the Court found by a preponderance of the evidence that Glore-McGhee's relevant conduct was 178.98 grams of pseudoephedrine, which under U.S.S.G. § 2D1.11[1] yielded a base offense level of 30. Her offense level was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because Glore-McGhee timely demonstrated acceptance of responsibility for her offense. This established a total offense level of 27 which, considering Glore-McGhee's criminal history category of III, yielded a sentencing range of 87-108 months in prison. The Court imposed a sentence of 87 months. Glore-McGhee now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2015 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.   *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Glore-McGhee's reduction request because she cannot satisfy the first criterion.   Glore-McGhee was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.   However, Glore-McGhee's February 3, 2016, sentence was calculated using Amendment 782 and already reflects the reductions implemented by that guideline amendment.   Thus, her sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).

Because Glore-McGhee cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant her reduction request.   *See Taylor*, 778 F.3d at 762.   The Court therefore **DENIES** her motion (Doc. 33).

**IT IS SO ORDERED.**
**DATED:   May 16, 2016**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **UNITED STATES DISTRICT JUDGE**